IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH JOHNSON,

                        Plaintiff,
                                            CIVIL ACTION
          vs.                               No. 04-3261-GTV

RAYMOND ROBERTS, et al.,

                        Defendants.


ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983. By an order dated November 10, 2004, the court dismissed the complaint without prejudice, finding plaintiff's claim for damages was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Before the court is plaintiff's motion for reconsideration (Doc. 12), which the court considers as a motion for relief from judgment under Fed.R.Civ.P. 60(b).

A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Amoco Oil Co. v. United States Environmental Protection Agency, 231 F.3d 694, 697 (10th Cir. 2000).

Having reviewed the record, the court finds no such relief

from judgment is warranted in this case, and denies plaintiff's motion.  In his complaint, plaintiff seeks damages for alleged error in his 1993 state court conviction.  In his motion for reconsideration, plaintiff simply repeats his bare claim that his state bench trial violated his constitutional rights.  The court thus finds no basis for disturbing its conclusion that plaintiff's claim for damages for this alleged constitutional deprivation remains barred under <u>Heck</u>.

To the extent plaintiff also refers in his motion to an undated injury at the Shawnee County jail in Topeka, Kansas, and argues his injury resulted from Shawnee County officials' failure to comply with federal and state disability laws, the court finds this information has no relevance to the allegations of error against Kansas Department of Corrections' officials that were submitted in plaintiff's complaint.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for reconsideration (Doc. 12) is denied.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May 2005.

<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States Senior District Judge

2