IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH JOHNSON,**

                **Plaintiff,**

                                            **CIVIL ACTION**
      **vs.**                                          **No. 04-3261-SAC**

**RAYMOND ROBERTS, et al.,**

                **Defendants.**

<u>ORDER</u>

By an order dated October 28, 2004, the court dismissed the complaint filed in this matter, based upon plaintiff's failure to pay the district court filing fee or to pay the initial partial filing fee assessed by the court pursuant to plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court also noted that plaintiff's claim for damages was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994),[1] and indicated that habeas corpus was the exclusive remedy available for plaintiff's allegations of constitutional error in his state court conviction.

By an order dated November 10, 2005, the court noted plaintiff's payment of the initial partial fee assessed by the

---

[1] "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. 1983. <u>Id</u>.

court, and granted plaintiff's motion to alter and amend the judgment entered on October 28, 2004. The court then dismissed the action without prejudice because plaintiff's claim for damages was still barred by Heck.

Plaintiff thereafter sought reconsideration in a motion for relief from judgment under Fed.R.Civ.P. 60(b), reasserting his bare claim that his state bench trial violated his constitutional rights. The court denied the motion, finding no basis to disturb its earlier conclusion that plaintiff's claim for damages on this claim was barred under Heck. The court further noted that plaintiff's reference to an undated injury at the Shawnee County jail in Topeka, Kansas, had no relevance to the allegations in plaintiff's original complaint.

Before the court is plaintiff's motion to proceed in forma pauperis on an amended civil rights complaint, pursuant to the court's dismissal of plaintiff's complaint without prejudice on November 10, 2004. The court denies this motion.

First, the court finds plaintiff misreads the November 10, 2004, order as granting plaintiff leave to amend the complaint, rather than as granting plaintiff's motion for leave to alter and amend the judgment entered in plaintiff's case. *See* Fed.R.Civ.P. 59(e)(motion to alter or amend a judgment).

Second, notwithstanding plaintiff's partial payments toward the district court filing fee in this matter,[2] the court finds no basis

---

[2] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20

for granting plaintiff any relief from the judgment, Fed.R.Civ.P. 60(b), entered in this matter on November 10, 2004. Plaintiff again alleges constitutional error in his state court conviction, and seeks damages for his allegedly unlawful confinement. <u>Heck</u> squarely bars such recovery absent a showing the challenged confinement has been reversed, vacated, or otherwise set aside.

    IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint (Doc. 15) and motion to proceed without payment of any further district court filing fee (Doc. 15) are denied.

    **IT IS SO ORDERED.**

    DATED:  This 30th day of June 2006 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge

---

    percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."